UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JANET FAYE BANKS

CIVIL ACTION NO. 09-cv-0037

VERSUS

JUDGE STAGG

U.S. COMMISSIONER SOCIAL
SECURITY ADMINISTRATION

MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Janet Faye Banks ("Plaintiff") filed this pro se civil action to challenge a decision of the Commissioner of the Social Security Administration. The court noted in a prior order that there was no evidence of service in the record and reminded Plaintiff that the 120-day deadline for service found in Fed. R. Civ. Proc. 4(m) would expire on May 12, 2009. Plaintiff was directed to file evidence of service by that date.

The court went on to explain how service is made in a Social Security appeal and directed the Clerk of Court to send Plaintiff the three summons forms that she would need. The docket sheet reflects that the Clerk of Court did send summonses, with the names and addresses already filled in for service on the U.S. Attorney, Attorney General, and Commissioner. The order explained to Plaintiff that she need only complete the forms with her name and address and mail them and a copy of her complaint, by registered or certified mail, to each of the three addresses listed on the summonses. Plaintiff was directed to complete and file the proof of service pages on the forms to describe how and when she made service or, in the alternative, file copies of the mail receipts. The court warned that

"failure to make timely and proper service may result in the dismissal of this case without further notice."

The May 12, 2009 deadline has passed, and there is no evidence of record that Plaintiff has made any effort at service, requested an extension of time, or requested any assistance with service beyond what the court has already provided. The court has discretion under Rule 4(m) to dismiss a case without prejudice when timely service is not made. Plaintiff has failed to complete the simple task of mailing three letters to keep her case progressing, there is no reason to believe that she would do so if given more time, and her failure to complete service creates serious doubt that she would later be able or willing to file the brief required to obtain a decision on the merits. Under the circumstances, the best exercise of the court's discretion is to dismiss this case without prejudice for failure to make timely service.

Accordingly;

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to make timely service.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of May, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE